Anderson, J.
delivered the opinion of the court.
This association was formed prior to 1852, and was afterwards incorporated pursuant to the act of Assembly passed May 29, 1852.
By article XL. of the association, whenever there was sufficient money on hand, and due the association, to pay on each unredeemed share to the holder thereof, the sum of $480, over and above all liabilities of the association, all arrearages of monthly dues, fines, &c., are required to be paid without delay, the debts and liabilities of the association to be paid ; and then the owner of each unredeemed share, to receive an equal dividend of all sums on hand, and which shall after-wards be collected, until the whole shall be divided; and no further monthly dues, or premiums, shall be payable from the commencement of the payment of dividends ; except that all arrears shall be fully paid up. *828 The trustees are required to deliver to each mortgagor, w^° has fully complied with the condition of his mortgage, a discharge, &c. And then, it is provided, the association shall cease to exist, and shall not sooner be dissolved.
The act of 1852, above referred to, limits the ultimate or par value of the stock to $200. The articles of this association stipulate, that it shall be $480; which it seems was fixed as its value prior to the act of 1852 ; and is sanctioned and legalized by the act passed February 19, 1853.
On the 1st of January 1860, there were only twenty-three shares, held by seven stockholders, which had not been redeemed. And in April 1866, they filed their bill in chancery in the Circuit court for Alexandria county, against the said building association, James E. McGraw, George H. Markell and K,. J. Edelin, trustees thereof, and H. W. Hardy, John L. Pascoe and others, members of the association, for the settlement of the accounts of members with the association, to enfore the payment of arrearages due to the association from its members, and a sale of the real estate conveyed in trust by members of the association to secure the fulfillment of their obligations, and for a division of the assets amongst the members whose shares were unredeemed.
The Circuit court directed an account to be taken by •one of its commissioners; who made a report. In stating the account he debited each stockholder with the arrearage due from him, up to 1st of January 1860, on account of monthly dues, premium, fines and interest; and upon the sum so ascertained to be then due, he debits him with interest to the 1st of April 1867. The whole indebtedness to the association on that day, aggregating $11,236.14, divided amongst twenty-three unredeemed shares, would give to each share $488.52f, subject to a deduction for the costs of this suit. And he returns with his report a descriptive list of the deeds of trust *829 held by the association, as security for those sums reported to be due from different members of the association.
The court confirmed the report, to which there was no exception, and pronounced a decree against each defendant, who thus appeared to he indebted, and upon his failure to pay within the time specified, directed sale to be made under his deed of trust, to satisfy the amount declared to be due by him. Two of the defendants, John L. Pascoe and H. W. Hardy, had not been served with process. And upon petition, the decree as to them was set aside, and the suit as against the said Hardy, who had died since it was instituted, was revived in the name of his widow and heirs, and his administrator. These defendants demurred to the bill, answered and pleaded usury. And upon the hearing, on the 1st day of March 1870, the Circuit court sustained the plea of usury ; declared the bonds and deeds of trust executed by the said Pascoe and Hardy to be null and void, and dismissed the bill as to them. Prom that decree the plaintiffs have appealed to this court.
The court is of opinion, that there is no ground for demurrer to the bill. It was entirely competent for the plaintiffs to file a bill in equity against the other members of the association, and the trustees who hold the title of the trust property, for a settlement and adjustment of the affairs of the association, and for a division of its assets amongst the shareholders who were entitled to the distribution ; and as a means to that end, to ascertain and enforce the liabilities of the members, and the execution of the deeds of trust and other securities therefor. The subj ect is peculiarly appropriate toa court of equity. And the bill is not obnoxious to the objection of multifariousness ; because it introduces no matter which is not directly related to the end proposed, which is within the jurisdiction of a court of equity, and necessary to its attainment, and to doing complete justice between the parties.
*830 The court is further of opinion that there is no usury in the transactions between John L. Paseoe or H. 'W. Hardy and the association. The association was at first organized as a partnership concern, before the act of Assembly of May 29, 1852. Afterwards it became a body corporate under the provisions of that act, as was more than once admitted by the appellee, John L. Pascoe, under his hand and seal, and as is inferable from other facts in the record. By that act the association is expressly authorized to redeem the shares of any of the shareholders, and to demand and receive interest, not exceeding six per cent, per annum, upon the actual amount paid upon the shares so redeemed, and also to demand and receive from said advanced stockholder the monthly instalment on stock, fines and other regular charges, until the assets are sufficient to pay to the holders of the unredeemed shares the par or ultimate value of their shares, after payment of all the debts and liabilities of the association. Reference is here made to the case of White v. Mechanics Building Fund Association, recently decided by this court, supra 233, for the exposition of this statute.
In this case John L. Paseoe is charged with no interest upon the sum of $612, which he acknowledges by' his deed of release had been advanced to him on his three shares ; but he is charged with a monthly premium of eighty cents on each share, which is less than six per cent, interest, which the association was expressly authorized to charge by the act aforesaid. And with regard to H. ~W. Hardy, the commissioner’s report shows that he was debited on the ledger with $20.40 interest, which is carried into the account against him by the commissioner. But it does not appear that this interest was charged upon the sum paid him on the redemption of his shares. The presumption is that it was not, but that it was charged upon some other account. The descriptive memorandum of the deed of trust’ accompany *831 ing the report (the deed itself is not copied into the record) shows that it was executed “ to secure his monthly dues, $2.80 on one (each) share, fines, &c.” Two dollars is the monthly instalment required by the articles to be paid on each share of stock, and eighty cents is the premium; so that no provision is made in the deed for the payment of interest, ilor is there in any of the deeds of trust, according to the descriptive memorandum accompanying the report, although it appears that several of the shareholders are charged with interest on the ledger, and the item of interest is carried by the commissioner into their accounts, but not as charged upon money advanced to them for the redemption of their shares. The entries made in the ledger being made prima facie evidence, by the agreement of the parties in their articles of association, and there not being a particle of evidence in the record to show that it is an improper charge, the presumption is that it is correct. Whether the taking a premium exceeding six per cent, interest would taint with usury and invalidate the whole transaction, is a question which does not arise upon this record; inasmuch as the premium charged to J. L. Pascoe is not equal to the interest which the statute expressly authorizes to be charged, and it does not appear that the premium charged to H. W. Hardy exceeds the interest with which he was lawfully chargeable. But interest should not be charged upon these premiums, they being interest, in fact, nor upon interest; and so far as the account of the commissioner is liable to this objection, it should be reformed and corrected.
The court is, therefore, of opinion that the interlocutory decree of August 29, 1868, except so far as it is liable to the objection last mentioned, is correct in principle, and should be reinstated. And that it is not shown by the record that the. association has made ex-actions of either of the appellees which it was not author- . ized to make by the act of Assembly under which it was *832 incorporated, and therefore, that the decree of the 1st of March 1870, is erroneous; and the court is of opinion that the same he reversed and annulled.
. The decree was as follows:
The court having maturely considered the record in this case, is of opinion, for reasons assigned in writing and filed with the record, that the decree of the Circuit court, pronounced on the 1st day of March 1870, is erroneous. It is, therefore, considered that the same be reversed and annulled; and that the appellees pay to the appellants their costs expended in the prosecution of their appeal here. And the cause is remanded to said Circuit court for Alexandria county, for further proceedings to be had therein, according to the principles declared in the foregoing opinion.
Decree reversed.